UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:06-CV-1728-G |
| CITY OF DALLAS, ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, the Texas Attorney General ("Attorney General"), to dismiss the claim against him. For the reasons set forth below, the motion is granted.

I. BACKGROUND

The plaintiff, Ronald Holland ("Holland"), owns property in the Junius Heights Historic District in Dallas, Texas. Holland has sued several entities and individuals, including the City of Dallas and the Junius Heights Homeowner's Association, challenging the constitutionality of a City of Dallas ordinance. After

being ordered to do so by this court, Holland joined the Attorney General as a party to this action and served him with process, in accordance with TEX. CIV. PRAC. & REM. CODE 37.006(b) and Federal Rules of Civil Procedure 19(a). *See* Plaintiff's Amended Petition for Declaratory Relief[*] ("Plaintiff's Petition"); Order (Docket Entry #9).

The Attorney General then filed this motion to dismiss on the basis of Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction contending that not only he does not need to be a party to this action under Texas law, but also that he cannot be made a party to this action because (1) he is entitled to sovereign immunity and (2) there is no case or controversy between himself and Holland. Holland has filed no response to the Attorney General's motion to dismiss.

## II.  ANALYSIS

Under Texas law, when a party is challenging the constitutionality of a ordinance, the Attorney General must be served with a copy of the proceeding and is "entitled to be heard." The statute is ambiguous as to whether the Attorney General must be named as a party. It reads,

> "In any proceeding that involves the validity of a municipal ordinance or franchise, the municipality must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional,

---

[*] The plaintiff's pleading in this court is properly called a complaint. F.R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court.") and F.R. CIV. P. 7(a) ("Pleadings. There shall be a complaint and an answer . . . .").

> the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard."

TEX. CIV. PRAC. & REM. CODE § 37.006(b) (Vernon 1997).

The use of the word "also" in describing the action that must be taken with respect to the Attorney General indicates that he could be treated similarly to the municipality, which would require him to be made a party to the action. However, courts interpreting the statute have determined that the attorney general need not be named as a party unless he elects to protect the interests of the state in the suit. See *Dickerson v. Bailey*, 87 F. Supp.2d 691, 693 n.1 (S.D. Tex. 2000). For example, the Attorney General did not exercise his right to be heard when an automobile dealer association sought a declaration that part of the Texas Transportation Code was unconstitutional because the Attorney General believed that the parties in interest could adequately present the issues to the court. *Motor Vehicle Board of Texas Department of Transportation v. El Paso Independent Automobile Dealers Association, Inc.*, 37 S.W.3d 538, 539 (Tex. App.--El Paso 2001, no pet.).

The requirement that the Attorney General be served with notice of the proceeding and be given the opportunity to be heard has been satisfied by Holland. Because the Attorney General declines to exercise his discretionary right to be heard in this case, he need not be a party to this action.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED**.

**SO ORDERED**.

July 5, 2007.

                                                                                                                           _____
                                                                                                                           A. JOE FISH
                                                                                                                           CHIEF JUDGE